MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax: (650) 599-9785

Attorney for Plaintiff
MAHMOUD KEDKAD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHMOUD KEDKAD,

    Plaintiff,

v.

MICROSOFT CORPORATION, INC.,
EMEA, NEPA, and MICROSOFT LIBYA,

    Defendants.

Case No.

C 13 0141

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF; AND JURY DEMAND**

Plaintiff alleges:

**JURISDICTION AND VENUE**

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and §1343, in order to secure protection of, and to redress deprivation of rights secured by the Americans with Disabilities Act of 1990 as amended ("ADA'), 42 U.S.C. §12101 et. seq., and by the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2615 et. seq. Pursuant to 28 U.S.C. §1367, this court also has supplemental jurisdiction of the state claims alleged herein.

2. This suit is properly venued in the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff Mahmoud Kedkad is of Libyan national origin and, at all times herein involved, was and is a naturalized citizen of the United States.

4. Defendant Microsoft Corporation, Inc. ("Microsoft Corporation") is a corporation duly formed under the laws of the State of Washington, and, at all times herein involved, has been doing business in the State of California, including at its offices located in San Francisco and Mountain View, CA.

5. At all times herein involved, Defendant EMEA was and remains a branch of Microsoft Corporation located and functioning in the region encompassing Europe, the Middle East, and Africa for the purpose of performing and overseeing business operations of Microsoft Corporation in said region.

6. At all times herein involved, Defendant NEPA was and remains a branch of Microsoft Corporation located and functioning in the subregion encompassing North Africa, the eastern Mediterranean, Pakistan, and Afghanistan for the purpose of performing and overseeing business operations of Microsoft Corporation in said subregion.

7. At all times herein involved, Defendant Microsoft Libya was either a branch office or wholly controlled subsidiary of Microsoft Corporation located and functioning in Libya for the purpose of performing business operations of Microsoft Corporation in said region.

8. Each Defendant was the agent and employee of every other Defendant, and, in acting as herein alleged, acted within the course and scope of said agency and employment.

## FACTS

9. On or about February 1, 2010, Defendants entered into a written employment contract with Plaintiff to employ him as a marketing lead stationed in Libya for a period of one year. Approximately one year later, the parties renewed said employment contract

Complaint for Damages and Equitable Relief, and Jury Demand

1 for another year ending on or about January 31, 2012. Under the original and renewed
2 contracts, Plaintiff was entitled to receive approximately $192,000.00 in salary and other
3 allowances, plus other job benefits, including but not limited to health insurance for
4 himself and his family, payment of the costs of education for his children in Libya,
5 payment of an allowance for his housing in Libya, payment of travel costs for himself and
6 his family, and retirement benefits..

7    10. Plaintiff remained stationed in Libya for approximately thirteen months, from
8 February 1, 2010 until February 27, 2011, during which Plaintiff satisfactorily performed
9 his job duties.

10    11. In or around the start of February, 2011, the Libyan revolution commenced.
11 During the initial weeks thereafter, Plaintiff repeatedly witnessed horrific carnage as
12 government troops attempted to quell the revolution by firing upon and killing or
13 wounding demonstrators, and he was also shocked upon learning that some of his own
14 relatives were among those thus killed and wounded, and that he himself had been put on
15 a "hit list" as an infidel because employed by an American company. Increasingly fearful
16 for his own safety, Plaintiff joined other American nationals in fleeing Libya on February
17 27, 2011 by taking a flight to Istanbul, Turkey that the U.S. Embassy in Libya had
18 chartered. When the flight landed at the airport in Istanbul, Plaintiff was immediately
19 approached by news reporters seeking news about the Libyan uprising, and he responded
20 to their questions by describing the brutal confrontations between government troops and
21 demonstrators that he had witnessed. He did not disclose to the reporters that he was in
22 Libya as an employee of Defendants.

23    12. Plaintiff was then met at the Istanbul airport by Defendants' human resources
24 manager, Clemens Kastner ("Kastner"), who, having observed Plaintiff responding to the
25 news reporters, admonished Plaintiff to refrain from communicating any further about the
26 Libyan revolution to any news media. Plaintiff responded by arguing to Kastner that he
27 had responded to the news reporters purely as a private citizen, without disclosing that he
28 was employed by Defendants, and that it was his constitutional right to do so. Kastner

Law Offices Of
Michael E. Adams
702 Marshall St., #300
Redwood City CA 94063
(650) 599-9463

3

Complaint for Damages and Equitable Relief, and Jury Demand

1 angrily retorted that Defendants would terminate Plaintiff's employment if he again
2 communicated with the news media, even as a private citizen, about the Libyan
3 revolution. Plaintiff argued back that Defendants should follow the example of Google,
4 which had not prevented Wael Ghonim, its Director of Marketing stationed in Dubai,
5 from providing on-line support and assistance to the popular uprising of Ghonim's
6 countrymen in Egypt. When Kastner responded by reiterating his admonition, Plaintiff
7 replied that he would have to think about whether or not to obey it.

8     13. Plaintiff then flew back to the United States, and on March 1, 2011, he
9 rejoined his wife and minor children at the family residence in Redwood Shores, CA.
10 Traumatized by the violence with which he had been surrounded in Libya, Plaintiff
11 suffered PTSD symptoms and found a psychotherapist with whom he underwent therapy
12 sessions starting in March and April, 2011 to address the symptoms. His psychotherapist
13 instructed Plaintiff to remain at home while recovering from the PTSD symptoms, in that
14 the emotional support from his family would facilitate his recovery.

15     14. In mid-March, 2011, Defendants, acting through Kastner and others, contacted
16 Plaintiff to advise him that Defendants' business operations in Libya had been suspended
17 because of the political turmoil there, and that Plaintiff was hence reassigned to Dubui to
18 assist Defendants' personnel there in marketing activities.

19     15. During further conversations over the course of the ensuing two to three
20 weeks, Plaintiff informed Defendants that his psychotherapist had instructed him to
21 remain at home for at least the short term, and asked if he could be given job duties
22 performable from home. In this regard, Plaintiff proposed that he be allowed to work
23 with the Dubai marketing personnel from his home, through email and teleconferencing.
24 Plaintiff alternatively proposed that he be assigned other job duties that could be
25 performed at the Microsoft Corporation offices located in San Francisco and/or Mountain
26 View, CA, both of which he had already visited serveral times since his return to network
27 and collaborate with Defendants' employees working there.

28     16. From mid-March through early May, 2011, Defendants failed and refused to

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

4

Complaint for Damages and Equitable Relief, and Jury Demand

engage in a reasonable and good faith dialogue with Plaintiff concerning how his job duties could be postponed or modified in order to allow him to remain at home for at least the short term, and failed to offer Plaintiff any postponement or change of his Dubai assignment.

17. In or about mid-May, 2011, Plaintiff informed Defendants that he had already progressed significantly toward recovery from his PTSD symptoms, and hence was at that point willing and able to proceed with his job reassignment to Dubai, or alternatively with any equivalent job at any other location, provided only that Defendants pay the expense of his family accompanying him in connection with any job requiring relocation from his home.

18. Defendants failed and refused to engage in a reasonable and good faith dialogue with Plaintiff concerning how his job duties could be postponed or modified in order to allow him to remain at home for at least the short term, instead informing Plaintiff that his only recourse for continuing his employment with Defendants was for him to apply for any of Microsoft Corporation's job openings in the United States. By failing and refusing to act affirmatively to transfer Plaintiff into a new job in either the United States or overseas, Defendants treated him in adverse contrast to comparable personnel previously assigned to Microsoft Libya, all of whom were affirmatively transferred by Defendants into new jobs.

19. Plaintiff then applied to no avail for numerous job openings that Microsoft Corporation had available in the United States. A contributing cause for Plaintiff's lack of success was Defendants' failure and refusal to facilitate any of his applications even by contacting the hiring managers to encourage their consideration of his applications. A further contributing cause thereof was that, in or about August, 2011, Defendants electronically posted for viewing by the hiring managers an annual job performance evaluation of Plaintiff for the fiscal year period from approximately July, 2010 through June, 2011 that showed a gap from March through June, 2011 for which Plaintiff was described as performing no job duties, and provided no explanation that said gap was not

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

5

Complaint for Damages and Equitable Relief, and Jury Demand

1  the fault of Plaintiff, but rather had resulted from the political unrest in Libya.

2      20. Following Plaintiff's return to the United States on or about March 1, 2011,
3  Defendants arbitrarily discontinued providing an array of his job benefits which, through
4  the expiration of his renewed employment contract in February, 2011. Following
5  Plaintiff's said return to the United States, Defendants continued to pay Plaintiff's salary
6  and provide him with reduced job benefits, but did so only until December 1, 2011.

7      21. On or about December 1, 2011, two months before Plaintiff's existing
8  employment contract was due to expire, Defendants terminated Plaintiff's employment on
9  the stated ground that he had failed to find a new job for which Microsoft Corporation
10 would hire him, and at that point stopped any further payment of his salary or provision of
11 any of his job benefits.

## FIRST CLAIM

### (ADA: Failure to engage in interactive dialogue)

15     22. Plaintiff herein realleges Paragraphs 1 through 21, and each and every
16 allegation thereof, as though fully set forth herein.

17     23. Following his flight from Libya in February, 2011, Plaintiff suffered for more
18 than several months from PTSD symptoms which substantially interfered with his major
19 life activities of concentrating and sleeping, and he was hence disabled within the
20 meaning of the Americans with Disabilities Act ("ADA").

21     24. During and after March, 2011, Defendants repeatedly violated the ADA by
22 failing and refusing to engage reasonably and in good faith in an interactive process to
23 seek a reasonable accommodation for Plaintiff's disability.

24     25. As the proximate result of said violations, Plaintiff was unable to continue his
25 employment with Defendants through placement in any new job position offered by
26 Defendants, and he consequently lost and continues to lose earnings and other job
27 benefits in the total sum of approximately $850,000.00 or according to proof.

28     26. As the further proximate result of said violations, Plaintiff has suffered and

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

6

Complaint for Damages and Equitable Relief, and Jury Demand

continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his general and special damage in the total sum of approximately $75,000.00 or according to proof.

27. Defendants acted as hereinabove alleged in reckless disregard for Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages in the sum of approximately $3,000.000.00 or according to proof.

28. Upon prevailing herein, Plaintiff is entitled under the ADA to his reasonable attorney's fees.

## SECOND CLAIM

### (FEHA: Failure to engage in interactive dialogue)

29. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

30. Following his flight from Libya in February, 2011, Plaintiff suffered for more than several months from PTSD symptoms which interfered with his major life activities of concentrating and sleeping, and he was hence disabled within the meaning of the California Fair Employment and Housing Act ("FEHA").

31. During and after March, 2011, Defendants repeatedly violated FEHA by failing and refusing to engage reasonably and in good faith in an interactive process to seek a reasonable accommodation for Plaintiff's disability.

32. As the proximate result of said violations, Plaintiff was unable to continue his employment with Defendants through placement in any new job position offered by Defendants, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

33. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his general and special damage in the total sum of approximately $75,000.00 or according to proof.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

7

Complaint for Damages and Equitable Relief, and Jury Demand

34. In acting as hereinabove alleged, Defendants were malicious and oppressive, thereby entitling Plaintiff to an award of punitive damages in the sum of approximately $3,000,000.00.

35. Upon prevailing herein, Plaintiff is entitled under FEHA to his reasonable attorney's fees.

36. On or about March 15, 2012, Plaintiff timely filed the foregoing claim with the California Department of Fair Housing and Employment ("DFEH"), and received a "right to sue" letter therefrom.

## THIRD CLAIM

**(ADA: Failure to provide reasonable accommodation)**

37. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

38. Following his flight from Libya in February, 2011, Plaintiff suffered for more than several months from PTSD symptoms which substantially interfered with his major life activities of concentrating and sleeping, and he was hence disabled within the meaning of the Americans with Disabilities Act ("ADA").

39. During and after March, 2011, Defendants repeatedly violated the ADA by failing and refusing to provide Plaintiff with available reasonable accommodations for his disability.

40. As the proximate result of said violations, Plaintiff was unable to continue his employment with Defendants through placement in any new job position offered by Defendants, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

41. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his general and special damage in the total sum of approximately $75,000.00 or according to proof.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

8

Complaint for Damages and Equitable Relief, and Jury Demand

42. Defendants acted as hereinabove alleged in reckless disregard for Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages in the total sum of approximately $3,000,000.00 or according to proof.

43. Upon prevailing herein, Plaintiff is entitled under the ADA to his reasonable attorney's fees.

## FOURTH CLAIM

**(FEHA: Failure to provide reasonable accommodation)**

44. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

45. Following his flight from Libya in February, 2011, Plaintiff suffered for more than several months from PTSD symptoms which interfered with his major life activities of concentrating and sleeping, and he was hence disabled within the meaning of the California Fair Employment and Housing Act ("FEHA").

46. During and after March, 2011, Defendants repeatedly violated FEHA by failing and refusing to provide him with any available reasonable accommodation for his disability.

47. As the proximate result of said violations, Plaintiff was unable to continue his employment with Defendants through placement in any new job position offered by Defendants, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

48. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

49. In acting as hereinabove alleged, Defendants were malicious and oppressive, thereby entitling Plaintiff to an award of punitive damages in the total sum of approximately $3,000,000.00 or according to proof.

Law Offices Of
Michael E. Adams
702 Marshall St., #300
Redwood City CA 94063
(650) 599-9463

9

Complaint for Damages and Equitable Relief, and Jury Demand

50. Upon prevailing herein, Plaintiff is entitled under FEHA to his reasonable attorney's fees.

51. On or about March 15, 2012, Plaintiff timely filed the foregoing claim with the California Department of Fair Housing and Employment ("DFEH"), and received a "right to sue" letter therefrom.

## FIFTH CLAIM

**(ADA: Discriminatory discharge on the basis of disability)**

52. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

53. Following his flight from Libya in February, 2011, Plaintiff suffered for more than several months from PTSD symptoms which substantially interfered with his major life activities of concentrating and sleeping, and he was hence disabled within the meaning of the Americans with Disabilities Act ("ADA").

54. On or about December 1, 2011, Defendants discriminated against Plaintiff by discharging him on the basis of his disability.

55. As the proximate result thereof, Plaintiff was unable to continue his employment with Defendants through the remainder of the existing term of his employment contract as well as thereafter, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

56. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

57. Defendants acted as hereinabove alleged in reckless disregard for Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages in

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

10

Complaint for Damages and Equitable Relief, and Jury Demand

the total sum of approximately $3,000,000.00 or according to proof.

58. Upon prevailing herein, Plaintiff is entitled under the ADA to his reasonable attorney's fees.

## SIXTH CLAIM

### (FEHA: failure to provide reasonable accommodation)

59. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

60. Following his flight from Libya in February, 2011, Plaintiff suffered for more than several months from PTSD symptoms which interfered with his major life activities of concentrating and sleeping, and he was hence disabled within the meaning of the California Fair Employment and Housing Act ("FEHA").

61. On or about December 1, 2011, Defendants discriminated against Plaintiff by discharging him on the basis of his disability.

62. As the proximate result thereof, Plaintiff was unable to continue his employment with Defendants through the remainder of the existing term of his employment contract as well as thereafter, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

63. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

64. In acting as hereinabove alleged, Defendants were malicious and oppressive, thereby entitling Plaintiff to an award of punitive damages in the total sum of $3,000,000.00 or according to proof.

65. Upon prevailing herein, Plaintiff is entitled under FEHA to his reasonable attorney's fees.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

11

Complaint for Damages and Equitable Relief, and Jury Demand

66. On or about March 15, 2012, Plaintiff timely filed the foregoing claim with the California Department of Fair Housing and Employment ("DFEH"), and received a "right to sue" letter therefrom.

## SEVENTH CLAIM

**(California common law: Employment termination in violation of fundamental public policies)**

67. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

68. On or about December 1, 2011, Defendants terminated Plaintiff in retaliation for having informed news reporters, after arriving in Istanbul, Turkey on or about February 27, 2011 of what he had observed concerning the nascent Libyan revolution.

69. Defendants thereby violated the fundamental public policies underlying Plaintiff's right to free speech as protected by Article 1, Section 2(a) of the California Constitution, and the rights of the involved reporters to access to newsworthy information as protected by Article 1, Section 2(b) of the California Constitution and California Evidence Code §1070.

70. As the proximate result thereof, Plaintiff was unable to continue his employment with Defendants through the remainder of the existing term of his employment contract as well as thereafter, and he consequently lost and continues to lose earnings and other job benefits in the total sum of $850,000.00 or according to proof.

71. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

72. In acting as hereinabove alleged, Defendants were malicious and oppressive, thereby entitling Plaintiff to an award of punitive damages in the total sum of .$3,000,000.00 or according to proof.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

12

Complaint for Damages and Equitable Relief, and Jury Demand

## EIGHTH CLAIM

### (FMLA)

73. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

74. Defendants interfered with Plaintiff's rights under the Family Medical Leave Act ("FMLA") by failing to grant him a medical leave to facilitate his recovery from a serious illness, namely his PTSD symptoms, or to assure that he could return to a comparable job upon his return from any such medical leave.

75. As the proximate result of said interference, Plaintiff was unable to continue his employment with Defendants through placement in any comparable new job position offered by Defendants, and he consequently lost and continues to lose earnings and other job benefits in the total sum of $850,000.00 or according to proof.

76. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of $75,000.00 or according to proof.

77. Defendants acted as hereinabove alleged in reckless disregard for Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages in the total sum of approximately $3,000,000.00 or according to proof.

78. Upon prevailing herein, Plaintiff is entitled under the ADA to his reasonable attorney's fees.

## NINTH CLAIM

### (CFRA)

79. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

80. Defendants interfered with Plaintiff's rights under the California Family Rights Act ("CFRA") by failing to grant him a medical leave to facilitate his recovery from a serious illness, namely his PTSD symptoms, or to assure that he could return to a

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

13

Complaint for Damages and Equitable Relief, and Jury Demand

comparable job upon his return from any such medical leave.

81. As the proximate result of said interference, Plaintiff was unable to continue his employment with Defendants through placement in any comparable new job position offered by Defendants, and he consequently lost and continues to lose earnings and other job benefits in the total sum of approximately $850,000.00 or according to proof.

82. As the further proximate result of said violations, Plaintiff has suffered and continues to suffer humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

83. In acting as hereinabove alleged, Defendants were malicious and oppressive, thereby entitling Plaintiff to an award of punitive damages in the total sum of approximately $3,000,000.00 or according to proof.

84. Upon prevailing herein, Plaintiff is entitled under FEHA to his reasonable attorney's fees.

85. On or about March 15, 2012, Plaintiff timely filed the foregoing claim with the California Department of Fair Housing and Employment ("DFEH"), and received a "right to sue" letter therefrom.

## TENTH CLAIM

### (Breach of employment contract)

86. Plaintiff herein realleges Paragraphs 1 through 21, and each and every allegation thereof, as though fully set forth herein.

87. Defendants materially breached their employment contract with Plaintiff as follows:

    (a) Prematurely discontinuing certain of Plaintiff's job benefits upon his return to the United States on March 1, 2011.

    (b) Prematurely terminating Plaintiff's employment on December 1, 2011, and thereupon discontinuing any further payment of his salary.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

14

Complaint for Damages and Equitable Relief, and Jury Demand

88. As a proximate result thereof, Plaintiff sustained contract damages in the approximate sum of $150,000.00 or according to proof.

## ELEVENTH CLAIM

### (Equitable relief)

89. Plaintiff herein realleges Paragraphs 1 through 88 of this Complaint, and each and every allegation thereof, as though fully restated herein.

90. Plaintiff is entitled to injunctive or other equitable relief of reinstatement of his employment with Defendants in the same or a comparable job position.

WHEREFORE, Plaintiff prays for relief as follows:

1. For past and future loss of earnings and job benefits in the sum of $1,000,000.00 or according to proof, or, in the alternative, for past loss of earnings and job benefits in the sum of $350,000.00 or according to proof and for the injunctive or other equitable relief of reinstatement to his employment with Defendants in the same or a comparable job position.

2. For general and special damages for humiliation, anxiety, anger, and other emotional distress, all to his special and general damage in the total sum of approximately $75,000.00 or according to proof.

3. For punitive damages in the total sum of approximately $3,000,000.00 or according to proof.

4. For reasonable attorney's fees.

5. For costs of suit.

6. For such other and further relief as the court deems just and proper.

DATED: January 10, 2013

MICHAEL E. ADAMS
Attorney for Plaintiff
MAHMOUD KEDKAD

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues of law and fact herein which can under the law be determined by a jury.

DATED: January 10, 2013

_____
MICHAEL E. ADAMS
Attorney for Plaintiff
MAHMOUD KEDKAD

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

16

Complaint for Damages and Equitable Relief, and Jury Demand